ROBERT L. WOODAHL ET AL., PLAINTIFF AND RELATOR, v. STATE HIGHWAY COMMISSION ET AL., DEFENDANTS AND RESPONDENTS.

No. 11811.
Submitted February 19, 1970.
Decided March 6, 1970.
465 P.2d 818.

Robert L. Woodahl, Atty. Gen. (argued), Dolphy O. Pohlman, Jr., Asst. Atty. Gen. (argued), Helena, for plaintiff and relator.

Donald A. Douglas (argued), N. A. Rotering, Helena, for defendants and respondents.

Sandall, Moses & Cavan, Billings, amici curiae.

MR. JUSTICE CASTLES delivered the opinion of the Court.

An original proceeding wherein the attorney general seeks a declaratory judgment against the state highway commission to determine the "powers, duties and responsibilities" of the attorney general as against the state highway commission, in hiring attorneys.

We heard ex parte the petition seeking to have this Court

accept jurisdiction. We issued an order to show cause as follows:

"PER CURIAM:

"Robert L. Woodahl, Attorney General of the State of Montana, as Relator, has filed with this Court a petition requesting this Court to assume original jurisdiction in an action seeking a declaratory judgment, as is more fully set forth in the complaint tendered therewith. The Attorney General was heard ex parte and the matter taken under advisement.

"Since this matter concerns governmental problems, before any further proceedings are had in this Court, or any determination or assumption of jurisdiction in this cause, we desire to be fully advised as to all facets involved, and therefore IT IS ORDERED that the Attorney General of Montana, Relator herein, serve a copy of this order, the petition, complaint, and brief in support thereof, upon the Respondents forthwith.

"The Court has entered an order that all pleadings and briefs may be in typewritten form and they shall be filed with the Clerk of this Court on or before February 4, 1970.

"Without waiver, respondents shall prepare, serve and file their answer to the complaint of Relator on or before February 4, 1970; and they shall likewise make service of any other type of motion or pleading they desire within the same period of time."

Briefs have been filed. Argument had. Also, an amicus curiae brief was submitted. The respondent highway commission moved to dismiss and without waiving any rights filed an answer.

Simply stated, the position of the attorney general is that only he and those attorneys appointed by him and subject to his direction and control have the right to advise, represent, or otherwise perform legal services for any executive agency of state government and specifically the state highway commission.

The attorney general is an elected official. The highway commission members are appointed by the governor subject to senate confirmation. Presently the attorney general is of one political party, the governor of another. (We observe that historically this is not unique in Montana.) The legislature has required

geographical distribution and political party distribution of appointees to the highway commission. Section 32-1601(4), R.C.M.1947. At first blush it would appear that this Court is to be called in to referee at a political match. This we decline to do. We will thus narrow the issue to a single point which we now develop.

The highway commission on November 18, 1969, passed the following resolution:

"OUTSIDE FEE COUNSEL
11/18/69

"The following authority was approved upon motion by Commissioner Cooney, seconded by Commissioner Hanson.

"Pursuant to the power and authority vested in the Montana Highway Commission under Section 32-3904, R.C.M., 1947 as amended under Section 32-2502, R.C.M., 1947, as amended, and other related statutes, authorization is hereby delegated to the Chief Counsel of the Montana Highway Commission to employ and engage such outside fee counsel as he, in his discretion shall deem reasonable and necessary, to represent the Montana Highway Commission in whatever type of case arises, whether condemnation or non-condemnation, and further for said fee counsel to appear in all the courts of the State of Montana and other necessary jurisdictions to carry out and discharge the duties and responsibilities attendant upon such appointments."

Pursuant to this resolution attorneys have been hired and retained without approval of the attorney general. Additionally, the commission has refused to employ counsel designated by the attorney general.

Thus our single issue is whether the commission has the authority it has chosen to exercise. We are in no way concerned here with quality of legal services, conflicts of interest, costs, budgetary considerations or any other ethical problem.

Article VII, section 1 of the Constitution of Montana provides:

"The executive department shall consist of a governor, lieu-

tenant-governor, secretary of state, attorney general, state treasurer, state auditor and superintendent of public instruction, * * * They shall perform such duties as are prescribed in this constitution and by the laws of the state."

There appears in the Constitution no specific duties of the attorney general.

Article VII, section 5 provides:

"The supreme executive power of the state shall be vested in the governor, who shall see that the laws are faithfully executed."

Both the governor and attorney general are constitutionally designated as members of the following boards: examiners, education, land commissioners, and prison commissioners. The governor alone is granted other powers consistent with the supreme executive power spelled out in Article VII, section 5.

While technically the issue is between the highway commission and the attorney general, actually the authority question is between the governor, through his appointed commission, and the attorney general.

It is universally recognized that legislatures have the authority to limit and define the powers of attorneys general, except to the extent that state constitutions may grant such powers. Anno. 137 A.L.R. 818. This authority under our constitution is made broad where the only powers granted to the attorney general are those in Article VII, section 1 as "prescribed * * * by the laws of the state." Additionally, this Court has recognized the common law powers of the office of attorney general.

In State ex rel. Olsen v. Public Service Comm., 129 Mont. 106, 283 P.2d 594, this Court discussed the broad powers of the attorney general under the common law as well as our statutes. The attorney general was referred to as the "principal law officer of the state" and as the "chief law officer of the state." His independence of action was emphasized in its many particulars. He is at times prosecuting on behalf of public officers and bodies, defending on their behalf, but at other times opposing their decisions. In this latter capacity in the Olsen case, he was

referred to as representing the "public interest." That he can give counsel, advise, and representation is clear.

However, he is not omnipotent, or as one brief put it, does not have "dictatorial power." However broad the power of the attorney general, it is not exclusive. That is to say, the question of whether he can hire, fire, and direct all legal representation of state officers or agencies, especially of the highway commission, depends here, upon whether the legislature has authorized the highway commission to do as it has done.

In section 82-1301, R.C.M.1947, an enumeration of powers of the governor includes:

"5. Whenever any suit or legal proceeding is pending against this state, or which may affect the title of this state to any property, or which may result in any claim against the state, he may direct the attorney general to appear on behalf of the state, and may employ such additional counsel as he may judge expedient."

In at least one situation, that of State ex rel. Jones v. Land Commissioners (also entitled State ex rel. Johnson v. State Board of Land Commissioners), 128 Mont. 462, 279 P.2d 393, the state board of land commissioners divided in a three to one vote against issuing oil and gas leases in conformity with section 1, Chapter 122, Laws of Montana 1953. The attorney general with the secretary of state and the superintendent of public instruction "out-voted" the governor to refuse to issue leases in conformity with the legislation. The land board, represented by its member, the attorney general, challenged the constitutionality of the legislation. The governor, appearing through his own counsel former Governor Ford, attempted to uphold the legislative act. This Court upheld the attorney general's position and was reversed by the United States Supreme Court in Montana ex rel. Johnson v. State Board of Land Commissioners, 348 U.S. 961, 75 S. Ct. 524, 99 L.Ed. 750.

The significance of that litigation, for our purposes, is to demonstrate under our system of state government the complete independence of the attorney general historically. There he

chose to challenge the legislature and the governor and was finally reversed. Had he been successful, he could have thwarted completely the legislative act found to be constitutional by the United States Supreme Court. In that situation the governor was forced to and did rely on his own private counsel. (Interestingly and historically, two federal judges, a former secretary of state of the United States, and a present United States congressman were counsel. Also, the present governor, who was then a member of this Court, dissented, and his views were later upheld by the United States Supreme Court.)

It seems clear then that the governor with his constitutional supreme executive powers, his statutory powers under section 82-1301, and the lack of constitutionally enumerated duties of the attorney general, has the power to either direct the attorney general or may himself employ additional counsel.

Also, the legislature has provided as to the highway commission in section 32-3904(1), R.C.M.1947, that:

"Whenever the commission cannot acquire lands or other property or interests therein at a price of cost which it deems reasonable, it may direct the attorney general or any county attorney to procure the interests by proceedings to be instituted as provided in sections 93-9901—93-9926 against all nonaccepting landholders. * * *"

Additionally, the highway commission has specific legislative authority under section 32-2502, R.C.M.1947, to employ "such personnel" as it shall deem necessary. It needs no citation of authority to say that lawyers are essential "personnel", as are engineers, in any highway program.

Thus it is clear, and we hold that the highway commission has the authority it has exercised under its resolution of November 18, 1969.

We have confined ourselves to the narrow question presented and have chosen not to go afield to attempt to define the areas of authority of the attorney general, the governor, or other executive boards and commissions, more than that presented by

the resolution. As we put it in our order to show cause previously quoted, we desired to be fully informed before we made any determination as to our assumption of jurisdiction for a declaratory judgment. At this time we decline to assume jurisdiction in any action for declaratory judgment to determine the powers, duties and responsibilities of the attorney general.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES, JOHN C. HARRISON and HASWELL, and THE HONORABLE ROBERT C. SYKES, District Judge, sitting for MR. JUSTICE BONNER, concur.