IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 12623

ROBERT L. WOODAHL, as Attorney
General of the State of Montana,

Plaintiff and Relator,

vs.

MONTANA BOARD OF NATURAL RESOURCES
AND CONSERVATION, et al.,

Defendants and Respondents.

ORDER

PER CURIAM:

It is hereby ordered that the above captioned opinion
be amended in the following manner:

Delete the second complete paragraph on page 3 and
substitute therefor:

"Prior to the adversary hearing, the Secretary of

State and State Auditor filed appearances pro se

agreeing with the position of the Attorney General.

The Department of State Lands was served, appeared

and later withdrew its appearance. All other de-

fendants and respondents joined in filing a response

to the order, petition and complaint."

DATED this 3rd day of December, 1973.

FILED

DEC 3 - 1973

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

R.C.M. 1947, and such department heads are hereby joined herein as defendants and respondents.

2. Under the provisions of section 82A-105, R.C.M. 1947, whenever a conflict arises as to the administration of the policies of the executive branch of state government, except for conflicts arising in the office of the lieutenant governor, secretary of state, attorney general, auditor, and superintendent of public instruction, the governor shall resolve the conflict, and the decision of the governor is final, and for this reason he should be, and hereby is, joined herein as a defendant and respondent.

3. Since there may be conflicts arising in this area in the offices of the lieutenant governor, secretary of state, auditor, or superintendent of public instruction with respect to the position taken by plaintiff and relator attorney general, each of said elective officers should be, and hereby is, joined herein as a defendant and respondent.

4. That any and all further proceedings in The Montana Department of Natural Resources and Conservation v. Intake Water Co., civil cause no. 9441-A, in and for the County of Dawson, be stayed pending the further order of this Court.

5. That relator serve a copy of this order, the petition, complaint, and brief in support thereof, upon respondents and all the other parties herein ordered joined as defendants and respondents within three days.

6. That respondents may prepare, serve and file any motion or pleading, without waiver, on or before three days prior to the date set for hearing, effecting service upon appearing opposing counsel, which appearing counsel shall file such appearance with the clerk of this Court and from whom a list of such may be obtained. All motions, pleadings and briefs may be

in typewritten form.

7. That counsel for relator and counsel for appearing respondents be and appear before this Court at the hour of 9:30 a.m. on the 8th day of November, 1973, in oral adversary argument for or against the relief sought by the petition.

8. The clerk shall forthwith forward a copy of this Order to Honorable L. C. Gulbrandson.

DATED this 24th day of October, 1973.

------------------------------------------
                                Chief Justice

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

OCT 2 5 1973

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

No. 12623

ROBERT L. WOODAHL, as Attorney General of the State of
Montana,

Plaintiff and Relator,

vs.

MONTANA BOARD OF NATURAL RESOURCES AND CONSERVATION and
JOSEPH W. SABOL, Chairman, OWEN E. SOWERWINE, DR. WILSON
F. CLARK, DEAN HANSON, RILEY OSTBY, CECIL WEEDING and
DAVID DRUM, as members of the MONTANA BOARD OF NATURAL
RESOURCES AND CONSERVATION; and the MONTANA DEPARTMENT
OF NATURAL RESOURCES AND CONSERVATION and GARY J. WICKS,
Director of the MONTANA DEPARTMENT OF NATURAL RESOURCES
AND CONSERVATION, and such other elected officials, de-
partments, agencies, boards, and commissions of the
executive branch of state government similarly situated,

Defendants and Respondents.

O R D E R

Robert L. Woodahl, Attorney General of the State of
Montana, having filed with this Court a petition requesting
leave to file a complaint seeking a declaratory judgment of
certain questions relative to the authority of Montana's
attorney general as more fully set forth in the complaint
tendered therewith, and counsel for relator having been heard
ex parte, IT IS ORDERED:

1. That prior to any further consideration of the
petition filed herein, an adversary hearing be held wherein all
parties named in this cause may be heard, including the other
officials, departments, agencies, boards and commissions of the
executive branch of state government similarly situated, who
shall in all instances be represented by the department head of
the various departments  created by and listed in section 82A-104,

- 1 -

No. 12623

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

ROBERT L. WOODAHL, as Attorney
General of the State of Montana,

Plaintiff and Relator,

-vs-

MONTANA BOARD OF NATURAL RESOURCES
AND CONSERVATION, et al.,

Defendants and Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Hon. Robert L. Woodahl, Attorney General, appeared,
Helena, Montana
Walter Murfitt, Special Attorney General, argued,
Helena, Montana
John P. Connor, Jr. and J. C. Weingartner appeared,
Assistants Attorney General, Helena, Montana

For Respondents:

Donald A. Garrity argued, Helena, Montana
Donald A. Douglas argued, Helena, Montana
John Henson argued, Helena, Montana

---

Submitted: November 27, 1973

Decided: NOV 2 8 1973

Filed: NOV 2 8 1973

_Thomas J. Kearney_
Clerk

PER CURIAM:

This is an original proceeding for a declaratory judgment by the Attorney General of the State of Montana against the Montana Board of Natural Resources and Conservation and its individual members; the Montana Department of Natural Resources and Conservation and its director; and other elected officials, departments, agencies, boards, and commissions of the executive branch of state government similarly situated.

The Attorney General's petition seeks leave to file an original declaratory judgment action in this Court to determine his right and authority to require all legal counsel appearing in any judicial proceeding on behalf of elected officials, departments, boards, agencies, or commissions of the executive branch of state government to first secure a commission of authority from the attorney general to so appear.

In his petition the Attorney General states his intention to seek a judicial determination of his rights with respect to the foregoing; attaches a complaint for declaratory judgment to be filed with this Court to that end and incorporates it by reference in his petition; and alleges that a judicial determination thereof by this Court is of such urgency that an original proceeding in this Court is warranted.

The Attorney General's attached complaint for declaratory judgment alleges the constitutional, statutory, and common law sources of his right and authority by virtue of his office; his inability to properly carry out his duties and responsibilities by reason of the actions of the Department of Natural Resources and Conservation in civil cause #9441-A in the district court of Dawson County; that of forty-nine licensed attorneys employed or retained by the various departments, boards, agencies, and commissions of the executive branch of state government only twenty-six have been commissioned by him; that by reason thereof he is

denied proper and necessary supervision of litigation as authorized by law; and that a controversy has arisen between the Attorney General and defendants concerning the latter's authority to initiate judicial proceedings by counsel retained by them and not commissioned by the Attorney General. The Attorney General seeks a declaratory judgment from this Court determining that no attorney employed or retained by the defendants can appear for them in any judicial proceeding without first securing a commission from the Attorney General.

After ex parte presentation of the Attorney General's petition and complaint, this Court ordered the matter set for adversary hearing; ordered the Governor, Lieutenant Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, and the department heads of the various departments of the executive branch of state government enumerated in section 82A-104, R.C.M. 1947, joined as parties defendant and respondent; stayed proceedings in civil cause #9441-A in the district court of Dawson County; provided for service of the petition, complaint, briefs, and order upon all defendants and respondents; provided for the filing of appearances, motions, and pleadings; and set a time for oral adversary argument.

Prior to the adversary hearing, the Secretary of State and State Auditor filed appearances pro se agreeing with the position of the Attorney General. The Department of Revenue and the Department of Social and Rehabilitation Services were served but did not appear. All other defendants and respondents joined in filing a response to the order, petition and complaint.

The response (1) sought dismissal as to the Department of Highways on the basis that the issues as to that department were previously adjudicated and concluded in Woodahl v. State Highway Commission, 155 Mont. 32, 465 P.2d 818, decided by this Court on March 6, 1970, (2) sought dismissal as to the Department of Natural Resources and Conservation on the basis that the identical issue

is pending in civil cause #9441-A in the district court of Dawson County and such department has specific statutory authority to prosecute that action with its own attorneys, (3) sought dismissal as to all other defendants and respondents on the basis of absence of a justiciable controversy, and (4) answered the petition and complaint by various admissions and denials.

The adversary hearing was held on November 8, 1973 and at the conclusion thereof the matter was taken under advisement.

The first issue here is whether this Court should accept jurisdiction of an original proceeding seeking declaratory relief.

Rule 17(a), Montana Rules of Appellate Civil Procedure, provides in pertinent part:

> "* * * The institution of * * * original
> proceedings in the supreme court is some-
> times justified by circumstances of an
> emergency nature, as when a cause of action
> or a right has arisen under conditions
> making due consideration in the trial courts
> and due appeal to this court an inadequate
> remedy, or when supervision of a trial court
> other than by appeal is deemed necessary or
> proper."

The jurisdiction of this Court to entertain an original proceeding for declaratory relief and the circumstances under which it will do so was recently set out in Forty-Second Legislative Assembly v. Lennon, 156 Mont. 416, 421, 481 P.2d 330. There, after reviewing our previous decisions on this question, the Court said:

> "The foregoing cases establish the original
> jurisdiction of the Supreme Court in a declar-
> atory judgment action where legal questions
> of an emergency nature are presented and ordin-
> ary legal procedures will not afford timely or
> adequate relief. Such is the situation here.
> We have an urgent emergency situation in view
> of the mandatory legislation required of the
> present session of the legislative assembly,
> the absence of any factual controversy but only
> pure legal questions that must ultimately be
> answered by this Court in any event, and ordin-
> ary legal procedures that will not afford timely
> relief."

Thus to invoke the original jurisdiction of this Court in a declaratory judgment action, petitioner must establish these conditions: (1) that an emergency situation exists, (2) that only legal questions without material factual controversies exist, and (3) that ordinary legal procedures will not afford timely relief.

Are these criteria satisfied in the instant case? The only emergency alleged in the proposed complaint relates to civil cause #9441-A in the district court of Dawson County and its effect upon the rights of the state in a case in federal court, Cause #1184, United States District Court, Billings Division. The case in Dawson County district court is an action filed by attorneys for the Department of Natural Resources and Conservation who are not commissioned by the Attorney General to nullify a claimed appropriation of Yellowstone River waters by Intake Water Company, a Delaware corporation. Now pending before that court is a motion by Intake's attorneys challenging the authority of the noncommissioned attorneys to represent the Department of Natural Resources and Conservation and to stay further proceedings until they produce their authority.

Although the Attorney General is not a party to that suit and has not appeared therein, he has a clear right to do so and secure an adjudication of the question he seeks to raise in the instant case. This Court has previously held that the Attorney General may "intervene in all suits or proceedings which are of concern to the general public." State ex rel. Olsen v. Public Service Commission, 129 Mont. 106, 115, 283 P.2d 594.

Additionally, Rule 24(a), Montana Rules Civil Procedure, provides that anyone may intervene as a matter of right in an action "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that

- 5 -

interest, unless the applicant's interest is adequately represented by existing parties." We note the Attorney General is a party defendant in the federal court action and thus in a position to represent the state.

Nothing of an emergency nature is otherwise alleged in the Attorney General's proposed complaint.

There also appear to be factual controversies involved. The Department of Natural Resources and Conservation in its answer denies several paragraphs of allegations, both legal and factual, by the Attorney General in his proposed complaint. As an example of factual controversies that exist, we note there is an apparent dispute as to whether the Attorney General was advised in advance of filing of the Department's plan to institute civil cause #9441-A in the Dawson County district court; his previous referral of actions against the Department to it for defense; and the extent to which the Department has kept him posted on the progress of the action and furnished him with copies of the pleadings to enable him to exercise supervisory direction or control. This Court is not the proper forum for the resolution of such factual controversies in which the ultimate legal issues must be determined.

Finally, we fail to see where ordinary legal procedures will not afford timely relief. The controversy as it affects the Department of Natural Resources and Conservation is now before the district court of Dawson County and can be determined there and appealed, if necessary. The federal court suit is already being defended by the Attorney General. No other presently existing justiciable controversy is alleged against any of the other defendants and respondents.

For the foregoing reasons, we decline to accept original jurisdiction.